IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

ECB USA, INC., a Florida Corporation,
ATLANTIC VENTURES CORP., a Florida
corporation, G.I.E. C2B, a French business
entity, as assignees of CONSTANTIN
ASSOCIATIONS LLP, a New York limited
liability partnership,

       Plaintiffs,

v.

CHUBB INSURANCE COMPANY OF NEW
JERSEY, a New Jersey insurance company
corporation,

       Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Chubb Insurance Company of New Jersey ("Chubb"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida. The grounds and basis for this removal are as follows:

## THE REMOVED CASE

1.    The removed case is a civil action filed on or about December 17, 2019, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, having been assigned Case No. 2019-036532-CA-01, and captioned *ECB USA, Inc., Atlantic Ventures Corp., G.I.E. C2B, as assignees of Constantin Associations LLP v. Chubb Insurance Company of New Jersey*. The action involves claims for declaratory relief, breach of contract and common law bad

faith against Chubb.  Plaintiffs served the summons and complaint on Chubb on January 9, 2020.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is

removable under 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states

and/or countries and the amount in controversy exceeds the sum of $75,000, exclusive of interest

and costs.

## PAPERS FROM REMOVED ACTION

2.      As required by 28 U.S.C. § 1446(a), attached as **Exhibit A** are copies of the process,

pleadings and orders served on Chubb from the state court file.  *See Cook v. Randolph County,*

*Ga.*, 573 F.3d 1143, 1149-50 (11th Cir. 2009).

## THE REMOVAL IS TIMELY

3.      28 U.S.C. § 1446(b) states in relevant part that:

> The notice of removal of a civil action or proceeding shall be filed within thirty
> days after the receipt by the defendant, through service or otherwise, of a copy of
> the initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required to
> be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may
> be filed within thirty days after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion, order or other paper from
> which it may first be ascertained that the case is one which is or has become
> removable . . . .

4.      Plaintiffs served the Summons and Complaint on Chubb's Registered Agent on

January 9, 2020.  *See* Ex. A, p. 159 – Notice of Service of Process (listing date reflecting service

of the Summons and Complaint to Chubb on January 9, 2020).  Because this matter is being

removed within thirty days after Chubb's receipt of the Summons and Complaint, this removal is

timely under 28 U.S.C. § 1446(b).  See *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 354-56 (1999); *Black v. State Farm Mut. Auto. Ins. Co.*, No. 10-80996-CIV, 2010 WL

4340281, at *1 n.2 (S.D. Fla. Oct. 22, 2010) (removal is timely when accomplished within §1446(b)'s 30-day timeframe).

THE VENUE REQUIREMENT IS MET

5. Venue is proper in the Southern District of Florida, because the state court action was pending within the jurisdictional confines of this District and Division. 28 U.S.C. § 1446(a).

DIVERSITY OF CITIZENSHIP EXISTS

6. This is a civil action that falls under the Court's original diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

7. There is complete diversity of citizenship between the parties. "[C]orporations are citizens in the states of their incorporation and their principal place of business." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 n.1 (11th Cir. 2004). Plaintiffs ECB USA, Inc. and Atlantic Ventures Corp. are, at the time of filing of this action and at all relevant times were, Florida corporations with their principal places of business in Miami-Dade County, Florida. Ex. A, Compl. ¶¶ 1-2. Thus, Plaintiffs ECB USA, Inc. and Atlantic Ventures Corp. are citizens of Florida for purposes of determining diversity under 28 U.S.C. § 1332(c)(1). Plaintiff G.I.E. C2B is, and at the time of filing of this action and at all relevant times was, a French business entity and, upon information and belief, maintains its principal place of business in France and is thus a citizen of France for purposes of determining diversity under 28 U.S.C. § 1332(c)(2). *Id*. at ¶ 3.

8. Defendant Chubb is, and at the time of filing of this action and at all relevant times was, a New Jersey corporation with its principal place of business in New Jersey. *Id*. at ¶ 5.

Accordingly, Defendant is a citizen of New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(c)(2).

9.      Because Plaintiffs are citizens of Florida and France, respectively, and Defendant is a citizen of New Jersey, complete diversity of citizenship exists.  28 U.S.C. § 1332.

## THE AMOUNT IN CONTROVERSY
## REQUIREMENT IS SATISFIED

10.     The $75,000 amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied here.  As discussed below, a plain reading of the allegations of the Complaint clearly demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.     In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), the U.S. Supreme Court held that a defendant may properly remove an action based upon the following principles:

- a defendant "need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold," *id.* at 554 (emphasis added),

- the defendant "may *simply allege or assert* that the jurisdictional threshold has been met" under a standard of pleading only "'a short and plain statement of the grounds for removal,'" *id.* at 553-54 (quoting 28 U.S.C. § 1446(a)) (emphasis added), and

- once alleged, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

12.     This case arises out of a dispute over a claim made by Plaintiffs to Chubb for coverage under Chubb Professional Portfolio℠ insurance policy issued by Chubb to Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP.  Plaintiffs purport to have obtained a judgment against Constantin Associates, LLP "in the amount of $4,850,000 (the "Agreed Final Judgment").  Ex. A, Compl., ¶ 20.  Plaintiffs, as assignee, seek a judgment against

Chubb for, among other things, "compensatory and consequential damages, including the full amount of the Agreed Final Judgment." *Id*. at p. 9, *ad damnum* Clause. This sum alone exceeds this Court's jurisdictional minimum.

13.     Accordingly, a plain reading of the Complaint demonstrates that the amount in controversy far exceeds the $75,000 minimum, exclusive of interest and costs, required for this Court's jurisdiction under 28 U.S.C. § 1332. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.") (*quoting Pretka,* 608 F.3d at 754); *Devore v. Howmedica Osteonic Corp.*, 658 F.Supp. 2d 1372, 1380 (M.D. Fla. 2009) ("[I]f the jurisdictional amount is either stated clearly on the face of the documents before the court or readily deducible from them, then the court has jurisdiction.") (*quoting Lowery*, 483 F.3d at 1211).

## FILING OF REMOVAL PAPERS

14.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action is being simultaneously served on Plaintiffs' counsel, and a Notice of Filing Notice of Removal is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County in the state court file from which this action has been removed. A copy of this notice (without attachment) is attached hereto as **Exhibit B**.

15.     Thus, the state court action has been properly removed to this Court in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Florida; (ii) this action is between citizens of different states and/or countries; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Chubb Insurance Company of New Jersey hereby removes the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and respectfully requests that further proceedings be conducted in this Court as provided by law.

/s/ Daniel G. Enriquez
Steven J. Brodie (FBN 333069)
Email: SBrodie@carltonfields.com
Daniel G. Enriquez (FBN 85864)
Email: DEnriquez@carltonfields.com
CARLTON FIELDS
100 S.E. Second Street, Suite 4200
Miami, Florida 33131
Telephone: 305-530-0050
Facsimile: 305-530-0055

*Counsel for Defendant Chubb Insurance Company of New Jersey*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail on February 7, 2020 on all counsel or parties of record on the Service List below.

/s/ Daniel G. Enriquez

## SERVICE LIST

Joel S. Magolnick, Esq.
John E. Kirkpatrick, Esq.
Davide Proietti, Esq.
Marko & Magolnick, P.A.
3001 S.W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 285-2000
Fax: (305) 285-5555
*Attorneys for Plaintiffs*