United States District Court
for the
Southern District of Florida

| | |
|---|---|
| ECB USA, Inc. and others, Plaintiffs, | )<br>)<br>) |
| v. | )<br>)  Civil Action No. 20-20569-Civ-Scola<br>) |
| Chubb Insurance Company of New Jersey and Executive Risk Indemnity, Inc., Defendants. | )<br>)<br>) |

**Order**

This matter is before the Court upon the Defendants/Counter Plaintiffs' objection to United States Magistrate Judge Edwin G. Torres's order (ECF No. 118) denying the Defendants' motion to strike seven of the Plaintiffs' affirmative defenses (ECF No. 103). For the reasons stated below, the Court **overrules** the Defendants' objections. (**ECF No. 121**.)

**1. Background**

On February 7, 2020, this matter was removed from state to federal court. (ECF No. 1.) Just under one week later, the Plaintiffs filed the first of four amended complaints. (ECF No. 5.) Relevant here, on February 27, 2020, the Plaintiffs filed the Second Amended Complaint ("SAC"), to which the Defendant Chubb Insurance Company of New Jersey ("Chubb") filed an answer on March 5, 2020. (ECF Nos. 10, 11.) The SAC contained an allegation that "Chubb issued the Policy under which [Constantin Associates, LLP] was a named insured." (ECF No. 10 at ¶ 31.) In its answer, Chubb admitted this allegation. (ECF No. 11 at ¶ 31.) Almost a month later, Chubb amended its answer and denied this allegation. (ECF No. 16 at ¶ 31.) Following additional amendments, the operative pleadings are now the Plaintiffs' Fourth Amended Complaint (ECF No. 79), the Defendants' Answer and Affirmative Defenses to Fourth Amended Complaint and Counterclaim (ECF No. 93), and the Plaintiffs' Answer and Affirmative Defenses to Counterclaim (ECF No. 95.)

The Plaintiffs' answer includes twenty-five affirmative defenses (ECF No. 95), of which the Defendants sought to strike seven in a Motion to Strike filed on April 29, 2021 (ECF No. 103). Following full briefing (ECF Nos. 103, 107, 111), the Magistrate Judge denied the motion, finding that the affirmative defenses contained enough "legal sufficiency" to withstand a motion to strike. (ECF No. 118 at 7–8, 14–15.)

## 2. Legal Standard

As an initial matter, the Court will review the Magistrate Judge's Order de novo. Courts routinely review reports concerning motions to strike affirmative defenses de novo, *see, e.g.*, *Klohr v. Mid-Continent Excess and Surplus Ins. Co.*, No. 9:18-CV-80761, 2019 WL 1118235, at *1 (S.D. Fla. Jan. 4, 2019), and the Plaintiffs do not contest the appropriate standard of review.

A court may strike any "insufficient defense or any immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The striking of an affirmative defense is a drastic remedy generally disfavored by courts." *Katz v. Chevaldina*, No. 12-22211-CIV, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (King, J.). An affirmative defense will be stricken where it consists of only "bare bones, conclusory allegations," *see Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Machine Sys. U.S.A., Inc.*, No. 04-60861, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005), or where it is insufficient as either "patently frivolous" or "clearly invalid as a matter of law," *Katz*, 2013 WL 2147156, at *1.

## 3. Discussion

Upon a de novo review of the Magistrate Judge's Order, the parties' briefing, and the relevant legal authorities, the Court concludes that Judge Torres's Order was well-reasoned and correct. The Court will briefly address the Defendants' arguments.

### A. Party Presentation

The Defendants first point to the "principle of party presentation," arguing that the Magistrate Judge improperly deviated from the parties' arguments and relied on theories and issues not raised by the parties. (ECF No. 121 at 4–5.) However, while courts are generally bound to the arguments raised by the parties, that does not restrict a court's authority to "identify and apply the proper construction of governing law." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991); *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993) ("[A] court may consider an issue antecedent to . . . and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief.") (cleaned up). In any event, the examples that the Defendants point to are either harmless or immaterial. (*See* ECF No. 121 at 10, 12–13.) Therefore, the Court overrules the Defendants' objections to the Order to the extent that those objections are based on "party presentation."

### B. Legal Nullity

The Defendants argue that the challenged affirmative defenses should be stricken to the extent that those affirmative defenses are based on a "legally null" admission. (ECF No. 121 at 6–8.) The Defendants rely on the principle that an amended pleading renders a former pleading a "legal nullity" that is "no longer a part of [the party's] averments against his adversaries." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (cleaned up). While that is true in terms of identifying the operative pleadings, that rule does not decide the question of the evidentiary value of an admission made in a prior pleading. The Eleventh Circuit has decided that question, holding that a "pleading in the same action which [has] been superseded by amendment, withdrawn or dismissed, [is] admissible as admissions of the pleading party to the facts alleged therein." *Tucker v. Housing Auth. of Birmingham Dist.*, 229 F. App'x 820, 826 (11th Cir. 2007).

The cases that the Defendants cite do not lead to a different conclusion. The court in *Mittenthal* held that a former pleading, no matter how contradictory to an amended pleading, cannot be used when evaluating jurisdiction; rather, the operative pleading controls. *See Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1219–20 (S.D. Fla. 2020) (Altman, J.). This holding was based on a stalwart principle of federal courts that jurisdiction "depends on the state of things at the time of the action brought." *Id.* at 1220 (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)). The court's references to whether since-amended admissions have evidentiary value were dicta. *See Mittenthal*, 472 F. Supp. 3d at 1221. The other cases cited by the Defendants similarly do not discuss the evidentiary purposes of a since-amended admission, but only state the general rule that an amended pleading is the operative pleading. *See Fresh Results, LLC v. ASK Holland, B.V.*, No. 17-cv-60949, 2020 WL 95039, at *1 n.1 (S.D. Fla. Jan. 8, 2020) (Bloom, J.) (holding that for purposes of dismissal, amended pleadings contain the operative allegations); *Stone Tech. (HK) Co., Ltd. v. GlobalGeeks, Inc.*, No. 20-cv-23251, 2021 WL 86776, at *4 (S.D. Fla. Jan. 11, 2021) (Bloom, J.) (holding that failure to reallege a previously asserted counterclaim resulted in the abandonment of the counterclaim); *Venkataram v. Bureau of Prisons*, No. 16-24502-Civ-Scola, 2018 WL 1273078, at *2 (S.D. Fla. Mar. 12, 2018) (Scola, J.) (holding that the failure to include a claim in an amended complaint prevents that claim from proceeding).

The Defendants also complain that the Magistrate Judge misconstrued their counterclaim when Judge Torres, citing to paragraphs 107 and 117 of the counterclaim, stated that the Defendants acknowledged that Constantin Associates was covered under the policy at issue. (ECF No. 121 at 8–10.) The Defendants misunderstand the appropriate standard on a motion to strike; the

Magistrate Judge did not hold that its reading of the counterclaim was the appropriate reading. Rather, the Magistrate Judge held that the Defendants' counterclaim provides additional alleged support for the affirmative defenses at issue. *See Cano v. S. Fla. Donuts, Inc.*, No. 09-81248-CIV, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010) (Ryskamp, J.) ("[A party] must allege some additional facts supporting the affirmative defense."). The Magistrate Judge explicitly did not inquire into the merits of the affirmative defenses—whether Constantin Associates was in fact covered by the policy is not at issue in this motion. (ECF No. 118 at 6–7). All that matters is that the Plaintiffs pled sufficient facts and that the affirmative defenses are legally sufficient. *See Smith v. Wal-Mart Stores, Inc.*, No. 1:11-cv-226-MP-GRJ, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) ("[I]n ruling upon a motion to strike it is not appropriate for the Court to consider the merits of any affirmative defense because the Court accepts all well-pled facts as true and only evaluates the legal sufficiency of affirmative defenses.").

### C. Coverage Letter

The Defendants contend that the Plaintiffs' twenty-fifth affirmative defense should be stricken, as coverage cannot be created by waiver if the party was not insured under a policy in the first instance. (ECF No. 121 at 10–11.) But as the Magistrate Judge held, courts do not resolve the merits of an affirmative defense on a motion to strike; rather, courts only look to legal sufficiency of an affirmative defense. (ECF No. 118 at 16–17); *see Smith*, 2012 WL 2377840, at *2. An affirmative defense is insufficient if "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Marley v. Jetshares Only, LLC*, No. 10-23178-CIV, 2011 WL 2607095, at *2 (S.D. Fla. June 30, 2011) (O'Sullivan, Mag. J.). And an affirmative defense is "sufficient" if it "puts into issue relevant and substantial legal and factual questions" and there is "no showing of prejudice to the movant." *See Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. Apr. 3, 1995).

As the Magistrate Judge correctly held, the Defendants failed to establish that the twenty-fifth affirmative defense is legally insufficient. Unsurprisingly, the Plaintiffs contest that Constantin Associates was not insured under the policy at issue, and there is a separate factual dispute concerning whether Constantin Associates paid a premium for coverage under the policy. (ECF No. 118 at 14–16); (ECF No. 79 at ¶¶ 78, 114, 176, 185, 193, 197.) Therefore, the Plaintiffs have established factual disputes. While the Defendants contend that the twenty-fifth affirmative defense is invalid as a matter of law, holding so would require determining whether Constantin Associates is in fact covered by

the policy at issue or not. This is not appropriate in a motion to strike. *See Smith*, 2012 WL 2377840, at *2.

Therefore, as there are factual disputes and, as the Magistrate Judge found, there is no prejudice to the Defendants, the Court overrules this objection.

For the reasons above, the Court **overrules** the Defendants' objections to Judge Torres's order on the Plaintiff's motion to strike. (**ECF No. 121**.)

**Done and ordered**, in Miami, Florida on September 7, 2021.

Robert N. Scola, Jr.
United States District Judge