NOTICE TO POLICYHOLDERS

Insuring Company: Executive Risk Indemnity Inc.

Enclosed is your commercial insurance policy from Chubb. The bill that corresponds with this policy has been mailed separately. When you receive the bill, please pay the amount due by the date indicated. Payment should be made directly to Chubb. As always, prompt payment will keep your coverage in place.

If you have any questions about the attached policy or need assistance with additional insurance, contact your agent or broker. For questions about billing, call our Premium Accounting Service Center at 1-800-372-4822. Thank you for insuring through Chubb.

CHUBB 004350

# POLICYHOLDER
# DISCLOSURE NOTICE OF
# TERRORISM INSURANCE COVERAGE
### (for policies with no terrorism exclusion or sublimit)
### Insuring Company: Executive Risk Indemnity Inc.

You are hereby notified that, under the Terrorism Risk Insurance Act (the "Act"), this policy makes available to you insurance for losses arising out of certain acts of terrorism. Terrorism is defined as any act certified by the Secretary of the Treasury of the United States, to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an air carrier or vessel or the premises of a United States Mission; and to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

You should know that the insurance provided by your policy for losses caused by acts of terrorism is partially reimbursed by the United States under the formula set forth in the Act. Under this formula, the United States pays 85% of covered terrorism losses that exceed the statutorily established deductible to be paid by the insurance company providing the coverage. Beginning in 2016, the Federal share will be reduced by 1% per year until it reaches 80%, where it will remain.

However, if aggregate insured losses attributable to terrorist acts certified under the Act exceed $100 billion in a calendar year, the Treasury shall not make any payment for any portion of the amount of such losses that exceeds $100 billion.

10-02-1281 (Ed. 03/2015)

CHUBB 004351

If aggregate insured losses attributable to terrorist acts certified under the Act exceed $100 billion in a calendar year and we have met our insurer deductible under the Act, we shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

The portion of your policy's annual premium that is attributable to insurance for such acts of terrorism is: $ **-0-.**

If you have any questions about this notice, please contact your agent or broker.

10-02-1281 (Ed. 03/2015)

CHUBB 004352

# IMPORTANT NOTICE TO POLICYHOLDERS

Insuring Company: Executive Risk Indemnity Inc.

All of the members of the Chubb Group of Insurance companies doing business in the United States (hereinafter "Chubb") distribute their products through licensed insurance brokers and agents ("producers").  Detailed information regarding the types of compensation paid by Chubb to producers on US insurance transactions is available under the Producer Compensation link located at the bottom of the page at www.chubb.com, or by calling 1-866-588-9478.  Additional information may be available from your producer.

Thank you for choosing Chubb.

10-02-1295 (ed. 6/2007)

CHUBB 004353

**Notice of Loss Control Services**

Insuring Company: Executive Risk Indemnity Inc.

As a Chubb policyholder, you have loss prevention information and/or services available to you, as described in this Notice.

**Errors and Omissions Liability Loss Prevention Services**

- ***What is E&O Liability Insurance* Booklet**
  *What is E&O Liability Insurance* discusses general principles governing E&O liability and potential exposures facing professionals in their performance as professionals. To order *What is E&O Liability Insurance*, simply call **1.866.282.9001,** order 14-01-0157, and provide your mailing address.

--------------------

The services provided are advisory in nature. While this program is offered as a resource in developing or maintaining a loss prevention program, you should consult competent legal counsel to design and implement your own program. No liability is assumed by reason of the services, access or information provided. All services are subject to change without notice.

14-02-7964 (Ed. 5/2004)

CHUBB 004354

**Executive Risk Indemnity Inc.**
Home Office
32 Loockerman Square, Suite L100
Dover, Delaware 19901

*Administrative Offices/Mailing Address:*
82 Hopmeadow Street
Simsbury, Connecticut 06070-7683



## MISCELLANEOUS PROFESSIONAL LIABILITY

## DECLARATIONS

| RENEWAL OF | POLICY NUMBER |
|---|---|
| 8168-4190 | 8168-4190 |

**THIS IS A CLAIMS MADE POLICY WHICH APPLIES ONLY TO ANY CLAIM FIRST MADE AGAINST THE INSURED AND REPORTED IN WRITING TO THE COMPANY DURING THE POLICY PERIOD OR, IF PURCHASED, THE EXTENDED REPORTING PERIOD. THE LIMITS OF LIABILITY AVAILABLE TO PAY DAMAGES SHALL BE REDUCED BY DEFENSE EXPENSES, AND DEFENSE EXPENSES WILL BE APPLIED AGAINST THE DEDUCTIBLE. THE COVERAGE AFFORDED BY THIS POLICY DIFFERS FROM THAT AFFORDED BY OTHER POLICIES. PLEASE READ THE POLICY CAREFULLY AND DISCUSS IT WITH YOUR AGENT OR BROKER.**

| ITEM 1. **INSURED** - ADDRESS:<br>Control Associates/Constantin Group LP D/B/A<br>Constantin Control Associates LP<br>4400 Route 9 South<br>Suite 1000<br>Freehold, NJ   07728 | ITEM 2. **POLICY PERIOD**:<br>(a) Inception Date: December 12, 2016<br>(b) Expiration Date: December 12, 2017<br>at 12:01 a.m. both dates at the<br>Address in ITEM 1. |
|---|---|

ITEM 3. **LIMITS OF LIABILITY** (inclusive of **Defense Expenses**):

    (a) $5,000,000.00   maximum limit of liability each **Claim** or **Related Claims**, but not to exceed

    (b) $5,000,000.00   maximum aggregate limit of liability under the Policy for all **Claims**.

ITEM 4. **DEDUCTIBLE**:       $50,000.00   each **Claim** or **Related Claims**.

| ITEM 5. **PREMIUM**:   $55,713.00<br><br>Surcharge:<br>Property-Liability  Insurance  Guaranty  Association  Recoupment - New Jersey - $334.28 | ITEM 6. **PROFESSIONAL SERVICES**:<br><br>Computer Consulting including computer system architecture and design<br>Temporary Placement Agency Services<br>Management consulting services meaning services directed toward expertise in banking finance, accounting, risk and systems analysis, design and implementation, asset recovery and strategy planning for financial institutions. |
|---|---|

ITEM 7. **RETROACTIVE DATE**:   August 2, 2002, at 12:01 a.m. at the Address in ITEM 1.

**These Declarations, the completed signed Application and the Policy with Endorsements shall constitute the contract between the Insured and the Company.**

EXECUTIVE RISK INDEMNITY INC.

Authorized Company representative_____

Form C21062 (1/96 ed.)                                                                                     Catalog No. MPLd-I

# Miscellaneous Professional

Liability Policy

**Executive Risk Indemnity Inc.**
*Home Office:*
2711 Centerville Road, Suite 400
Wilmington, DE  19808

*Administrative Offices/Mailing Address:*
82 Hopmeadow Street
Simsbury, Connecticut 06070-7683
Phone:  860.408.2000
Fax:  860.408.2002

CHUBB 004356

## MISCELLANEOUS PROFESSIONAL LIABILITY POLICY

**THIS IS A CLAIMS MADE POLICY WITH DEFENSE EXPENSES INCLUDED IN THE LIMITS OF LIABILITY.  PLEASE READ THE ENTIRE POLICY CAREFULLY.**

**Subject to the applicable limits of liability and all of the terms and conditions of this Policy, Executive Risk Indemnity Inc. (the Company) and the Insured agree as follows:**

**I.      INSURING AGREEMENT**

The Company will pay on behalf of the **Insured Damages** which the **Insured** shall become legally obligated to pay and **Defense Expenses** as a result of any **Claim** first made against the **Insured** during the **Policy Period** and reported in writing to the Company during the **Policy Period** for a **Wrongful Act** first committed on or after the Retroactive Date stated in ITEM 7 of the Declarations.  As part of and subject to the applicable limits of liability, the Company shall have the right and duty to defend any such **Claim**, even if the **Claim** is groundless.

**II.     DEFINITIONS**

(A)     "**Claim**" means any civil action, suit, proceeding or demand by any person or entity seeking to hold the **Insured** responsible for monetary damages as a result of a **Wrongful Act** actually or allegedly committed by the **Insured** or by any other person for whose **Wrongful Acts** the **Insured** is legally responsible.

(B)     "**Damages**" means judgments or settlements negotiated with the approval of the Company; however, **Damages** shall not include:

(1)     fines, taxes, or penalties;

(2)     fees or other charges of the **Insured**; or

(3)     punitive or exemplary damages or the multiplied portion of any multiplied damage award, except where permitted by law **Damages** shall include, in an amount not exceeding the sum of $25,000, the multiplied portion of a multiplied damages award or an award of punitive or exemplary damages, which sum shall be part of and not in addition to the applicable limits of liability.

CHUBB 004357

(C)     "**Defense Expenses**" means reasonable expenses and legal fees incurred with the approval of the Company in the investigation, adjustment, defense or appeal of a **Claim** against the **Insured**; however, **Defense Expenses** shall not include salaries, overhead or benefit expenses or other fees and charges of the **Insured**.

(D)     "**Insured**" means the person or entity stated in ITEM 1 of the Declarations, and any natural person who was, is or shall become a director, officer, employee or partner thereof, but only while such person was, is or shall be acting within the scope of his or her duties as such.

(E)     "**Policy Period**" means the period from the inception date to the expiration date stated in ITEM 2 of the Declarations, or to any earlier cancelation date.

(F)     "**Professional Services**" means only services performed for others for a fee and which are listed in ITEM 6 of the Declarations.

(G)     "**Related Claims**" means collectively all **Claims** involving the same **Wrongful Act** or **Wrongful Acts** which are logically or causally connected by reason of any common fact, circumstance, situation, transaction, event or decision.

(H)     "**Wrongful Act**" means any actual or alleged act, error or omission committed solely in the performance of, or failure to perform **Professional Services**.

## III.    EXCLUSIONS

This Policy shall not apply to any **Claim**:

(A)     based on or directly or indirectly arising out of or resulting from any criminal, fraudulent, dishonest or discriminatory act or omission or any act, error or omission committed with knowledge of its wrongful nature or with intent to cause damage, or the gaining by the **Insured** of any personal profit, gain or advantage to which the **Insured** was not legally entitled; however, the Company shall reimburse the **Insured** for any **Defense Expenses** that would have been payable under this Policy if, upon final disposition of such **Claim**, such allegations have not been proven;

(B)     for non-pecuniary relief;

(C)     based on or directly or indirectly arising out of or resulting from any actual or alleged bodily injury to or sickness, disease or death of any person, or damage to or destruction of any tangible property, including the loss of use thereof;

(D)     based on or directly or indirectly arising out of or resulting from:

CHUBB 004358

(1)  any actual, alleged or threatened exposure to, or generation, storage, transportation, discharge, emission, release, dispersal, escape, treatment, removal or disposal of any smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials (including materials which are intended to be or have been recycled, reconditioned or reclaimed) or other irritants, pollutants or contaminants, or

(2)  any regulation, order, direction or request to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize any of the foregoing, or any action taken in contemplation or anticipation of any such regulation, order, direction or request;

(E)  by or on behalf of any person or entity included within the definition of **Insured** against any other person or entity included within the definition of **Insured**;

(F)  based on or directly or indirectly arising out of or resulting from the performance of or failure to perform **Professional Services** for:

(1)  the **Insured**, or

(2)  any entity owned or controlled by any person or entity included within the definition of **Insured**, or

(3)  any person or entity which owns or controls any entity included within the definition of **Insured**, or

(4)  any entity which is under common ownership or control with any entity included within the definition of **Insured**, or

(5)  any entity of which any person included within the definition of **Insured** is a director, officer, partner or principal shareholder;

(G)  based on or directly or indirectly arising out of or resulting from any act, error, omission, fact, circumstance, situation, transaction, event or decision which is the subject of any notice or claim under any prior policy; or any other act, error, or omission, whenever occurring, which is logically or causally connected by reason of any common fact, circumstance, situation, transaction, event or decision, with any act, error or omission which is the subject of such notice or such claim.

CHUBB 004359

## IV.   CONDITIONS

(A)   **Territory:**

This Policy applies only to **Wrongful Acts** committed, and to **Claims** made against the **Insured**, in the United States of America, its territories or possessions, or Canada.

(B)   **Notice:**

(1)   As a condition precedent to any right to coverage afforded by this Policy, the **Insured** must give written notice to the Company of any **Claim** as soon as practicable after such **Claim** is first made and, subject to Section IV (C) below, during the **Policy Period** or Extended Reporting Period, if applicable.

(2)   If the **Insured** becomes aware of any circumstances which may subsequently give rise to a **Claim** against the **Insured** and, during the **Policy Period** or, if applicable, the Extended Reporting Period, gives the Company written notice of

(1)   the nature and date of the specific **Wrongful Act**, and

(2)   the names of potential claimants, and

(3)   the injury or consequences which have or might result therefrom, and

(4)   the manner in which the **Insured** first became aware of the potential for a **Claim** therefrom, then any **Claim** subsequently made against the **Insured** arising out of such **Wrongful Act** shall be deemed to have been made during the **Policy Period** or, if applicable, the Extended Reporting Period.

(C)   **Additional Time to Report Certain Claims:**

If a **Claim** is first made against the **Insured** during the last fourteen (14) calendar days of the **Policy Period**, such **Claim** will be deemed to have been reported to the Company during the **Policy Period** if:

(1)   the **Insured** makes reasonable efforts to report such **Claim** immediately, and

CHUBB 004360

(2)     the **Insured** gives the Company written notice of such **Claim** no later than fourteen (14) calendar days after the **Policy Period**.

(D)     **Date of Related Claims:**

**Related Claims** shall be deemed to have been first made at the earlier of the following times:

(1)     at the time the earliest of the **Related Claims** was first made, or

(2)     at the earliest time at which notice was given under any policy of insurance of any act, error, omission, fact, circumstance, situation, transaction, event or decision underlying any of the **Related Claims**.

(E)     **Defense and Settlement of Claims:**

The **Insured** shall not admit any liability for or settle any **Claim** or incur any costs, charges or expenses without the written consent of the Company.  The Company shall have the right to make investigations and conduct negotiations and, with the written consent of the **Insured**, enter into such settlement of any **Claim** that the Company deems appropriate. If the **Insured** shall refuse to consent to a settlement acceptable to the claimant in accordance with the Company's recommendation, the **Insured** shall thereafter negotiate or defend such **Claim** at the **Insured's** own expense independently of the Company, and, subject to the applicable limits of liability of this Policy, the Company's liability for such **Claim** shall not exceed the amount for which such **Claim** could have been settled plus **Defense Expenses** incurred with the Company's consent up to the date the **Insured** refused to settle such **Claim**.

(F)     **Limits of Liability and Deductibles:**

(1)     Regardless of the number of **Claims**, the number of persons or entities included with the definition of **Insured**, or the number of claimants who make **Claim** against the **Insured**:

(a)     the amount stated in ITEM 3(a) of the Declarations shall be the maximum limit of liability of the Company for all **Damages** and **Defense Expenses** resulting from each **Claim** or **Related Claims** made against the **Insured**, which amount shall be part of and not in addition to the amount stated in ITEM 3(b) of the Declarations, and

(b)     the amount stated in ITEM 3(b) of the Declarations shall be the maximum aggregate limit of liability of the Company for all **Damages** and **Defense Expenses** resulting from all **Claims** under this Policy, and

CHUBB 004361

(c)     the deductible stated in ITEM 4 of the Declarations shall apply separately to each **Claim** or **Related Claims** and shall also apply to either **Damages** or **Defense Expenses** or both.

(2)     **Defense Expenses** shall be part of and not in addition to the applicable limits of liability, and payment of **Defense Expenses** by the Company shall reduce, and may exhaust, the applicable limits of liability.

(3)     The obligations of the Company to pay **Damages** and to defend any **Claim** seeking **Damages** from the **Insured** or pay **Defense Expenses** shall only be in excess of the deductible, which amount shall be borne by the **Insured** at the **Insured's** own expense.  The Company shall have no obligation whatsoever, either to the **Insured** or to any other person or entity, to pay all or any portion of the deductible amount on behalf of the **Insured**.  The Company shall, however, at its sole discretion, have the right and option to do so, in which event the **Insured** will repay the Company any amounts so paid.

(4)     The Company shall not be obligated to pay any **Damages** or to defend or continue to defend any **Claim** after the applicable limit of liability has been exhausted by the payment of **Damages** or **Defense Expenses** or both.

(G)   **Extended Reporting Period:**

(1)     If this Policy is not renewed for any reason or is canceled for any reason other than for non-payment of premium, the **Insured** shall have the right to purchase an extension of the coverage granted by this Policy for a period of one (1) year after the effective date of such cancelation or non-renewal (an Extended Reporting Period), but only with respect to any **Wrongful Act** committed before the effective date of such cancelation or non-renewal and otherwise covered by this Policy.  The premium for this Extended Reporting Period shall be seventy-five percent (75%) of the premium set forth in ITEM 5 of the Declarations, as the same may be amended from time to time, and must be paid within thirty (30) days after the effective date of cancelation or non-renewal.  Such additional premium shall be deemed fully earned immediately upon the inception of the Extended Reporting Period.

(2)     The Company's limits of liability during the Extended Reporting Period shall be part of, and not in addition to, the Company's limits of liability stated in ITEM 3 of the Declarations.

CHUBB 004362

(H)   **Other Insurance:**

This policy shall be specifically excess over, and shall not contribute with, any other valid and collectible insurance, whether such other insurance is stated to be primary, contributing, excess (except insurance specifically in excess of this Policy), contingent or otherwise.

(I)   **Cooperation and Subrogation:**

(1)   In the event of a **Claim**, or after giving the Company notice of circumstances which may subsequently give rise to a **Claim**, the **Insured** will provide the Company with all information, assistance and cooperation as the Company may reasonably request.  The **Insured** shall, upon the Company's request, assist in making settlements and the conduct of actions, suits or proceedings.  The **Insured** shall attend hearings, trials and depositions and shall assist in securing and giving evidence and obtaining the attendance of witnesses.

(2)   The **Insured** will do nothing that may prejudice the Company's position or the Company's potential or actual rights of recovery in the event of a **Claim**.

(3)   In the event of payment under this policy, the Company shall be subrogated to, and entitled to an assignment of all of the rights of recovery therefor of the **Insured**.  The **Insured** shall execute all papers and shall do everything that may be necessary to secure such rights, including the execution of such documents as may be necessary to enable the Company effectively to pursue and enforce such rights and to bring suit in the name of the **Insured**.

(J)   **Cancelation:**

(1)   The Company may cancel this Policy by delivering or mailing to the **Insured** by registered, certified or other first class mail written notice stating when, not less than thirty (30) days thereafter, such cancelation shall be effective.

(2)   The **Insured** may cancel this Policy by surrendering this Policy or by mailing or delivering to the Company notice stating when thereafter such cancelation shall be effective.

(3)   The mailing of notice as aforesaid shall be sufficient proof of notice.  If this Policy is canceled by the Company, the earned premium shall be computed pro rata. If this Policy is canceled by the **Insured**, the earned premium shall be computed in accordance with the customary short rate table and procedure. Premium adjustment may be made either at the time

CHUBB 004363

cancelation is effective or as soon as practicable after cancelation becomes effective, but payment or tender of unearned premium is not a condition of cancelation.

**(K)**    **Entire Agreement:**

The **Insured** agrees that this Policy, including any endorsements and the application attached to and forming part of this Policy, and including any materials submitted in connection with such application, which are on file with the Company and are a part of this Policy, as if physically attached, constitutes the entire agreement existing between the **Insured** and the Company or any of its agents relating to this insurance.

**(L)**    **Representations:**

The **Insured** represents that the particulars and statements contained in the application and all materials submitted in connection therewith are true, accurate and complete, and agrees that this Policy is issued in reliance on the truth of that representation, and that such particulars and statements, which are incorporated into and constitute a part of this Policy, are the basis of this Policy and are material to the Company's acceptance of this risk.

**(M)**    **No Action Against Company; Bankruptcy of Insured:**

**(1)**    No action shall be taken against the Company unless, as conditions precedent thereto, there shall have been full compliance with all of the terms of this Policy and the amount of the obligation of the **Insured** to pay shall have been finally determined either by judgment against the **Insured** after adjudicatory proceedings, or by written agreement of the **Insured**, the claimant and the Company.

**(2)**    No person or entity shall have any right under this Policy to join the Company as a party to any **Claim** against the **Insured** to determine the liability of the **Insured**, nor shall the Company be impleaded by the **Insured** or the **Insured's** legal representative in any such **Claim**.

**(3)**    Bankruptcy or insolvency of the **Insured** or of the **Insured's** estate shall not relieve the Company of any of its obligations hereunder.

**(N)**    **Authorization and Notices:**

The person or entity stated in ITEM 1 of the Declarations shall be the sole agent, and shall act on behalf of all **Insureds** with respect to all matters under this Policy, including but not limited to giving and receiving notices and other communications, effecting or accepting any endorsements to or cancelation of

CHUBB 004364

this Policy, the payment of premium and the receipt of any return premiums, and the purchase of any Extended Reporting Period.

(O)   **Changes:**

Notice to any agent or knowledge possessed by any agent or other person acting on behalf of the Company shall not effect a waiver or change in any part of this Policy or estop the Company from asserting any right under its terms, conditions and limitations; nor shall the terms, conditions and limitations of this Policy be waived or changed except by written endorsement issued to form a part of this Policy.

(P)   **No Transfer or Assignment of Insured's Interest:**

No transfer or assignment of interest under this Policy or any cause of action against the Company arising out of its performance of, or alleged failure to perform in accordance with the terms and conditions of this Policy shall be effective without the Company's written consent; however, in the event of the death, incapacity or bankruptcy of any person or entity within the definition of **Insured**, a **Claim** against the estate, heirs, legal representatives or assigns or the **Insured** for a **Wrongful Act** by such **Insured** shall be considered a **Claim** against the **Insured**.

(Q)   **Headings:**

The descriptions in the headings and sub-headings of this Policy are solely for convenience, and form no part of the terms and conditions of the Policy.

**In Witness Whereof, the Company has caused this Policy to be executed by its authorized officers, but this Policy shall not be valid unless countersigned on the Declarations page by a duly authorized representative of the Company.**

_____          _____
Secretary                                          President

CHUBB 004365

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: December 12, 2016

Executive Risk Indemnity Inc.

Endorsement/Rider No. 1

To be attached to and
form a part of Policy No. 8168-4190

Issued to:  Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP

---

FTC, SPAM, TCPA AND INFORMATION DISTRIBUTION LAWS ENDORSEMENT

In consideration of the premium charged, it is agreed that Section III., EXCLUSIONS of the Policy is amended by the addition of the following Exclusion:

This Policy shall not apply to any **Claim** based on or directly or indirectly arising out of or resulting from:

(a)   any proceeding against the **Insured** brought by the Federal Trade Commission or any other federal, state or local regulatory agency or other administrative body alleging the violation of any federal, state or local laws or regulation; or

(b)   any actual or alleged violation of:

   (i)    the United States of America CAN-SPAM Act of 2003 or any amendments thereto or any rules or regulations promulgated thereunder, or any similar provisions of any federal, state, or local statutory law or common law anywhere in the world;

   (ii)   the United States of America Telephone Consumer Protection Act (TCPA) of 1991 or any amendments thereto or any rules or regulations promulgated thereunder, or any similar provisions of any federal, state, or local statutory law or common law anywhere in the world; or

   (iii)  any other law, ordinance, regulation or statute relating to any communication, distribution, publication, sending or transmission via telephone, telephone facsimile machine, computer or other telephonic or electronic devices.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

Authorized Representative

14-02-14590 (09/2008)                          Page 1

CHUBB 004366

ENDORSEMENT NO. 2
NEW JERSEY AMENDATORY ENDORSEMENT

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

| | |
|---|---|
| Policy No. | 8168-4190 |
| Issued to | Control Associates/Constantin Group LP D/B/A Constantin Control Associate LP |
| Issued by | Executive Risk Indemnity Inc. |

In consideration of the premium charged:

(1) Pursuant to New Jersey law, this Policy cannot be canceled or non-renewed for any underwriting reason or underwriting guideline which is arbitrary, capricious or unfairly discriminatory or without adequate prior notice to the Insured. The Company shall limit its decision to cancel or non-renew this Policy to the reason(s) permitted by applicable New Jersey law governing such cancellation or non-renewal.

(2) Notice of cancellation for nonpayment of premium shall be sent by certified or first-class mail to the entity named in Item 1 of the Declarations at the mailing address last known to the Company and shall include a statement of the consequences of failure to remit the amount owed by the payment due date. No cancellation for nonpayment of premium will be effective if payment of the amount due is made prior to the effective date set forth in the notice.

(3) Notice of cancellation will be sent to the last mailing address known to the Company by certified or first-class mail in accordance with the applicable New Jersey law governing such notice of cancellation. The Company will not send notice of cancellation if the entity named in Item 1 of the Declarations has replaced coverage elsewhere or specifically requested cancellation.

(4) The Company may elect to non-renew this Policy for any reason permitted under applicable New Jersey law. If the Company elects not to renew this Policy, the Company will mail a notice of non-renewal, stating the reason(s) therefor, to the entity named in Item 1 of the Declarations at least thirty (30) days but not more than 120 days before the expiration date of this Policy. Such notice will be sent to the entity named in Item 1 of the Declarations at the last mailing address known to the Company by certified or first-class mail in accordance with the applicable New Jersey law governing such notice of non-renewal. The Company will not send notice of non-renewal if the entity named in Item 1 of the Declarations has replaced coverage elsewhere or specifically requested termination of the Policy.

(5) Any notice of cancellation for any reason other than nonpayment of premium or any notice of non-renewal under the Policy shall contain a provision regarding the Insured's right to file a written complaint about the cancellation or non-renewal with the New Jersey Department of Insurance.

(6) Section IV (J) of this Policy will be deemed to have been amended to the extent necessary to effect the purposes of this Amendatory Endorsement.

The regulatory requirements of this Amendatory Endorsement shall take precedence over any provisions of this Policy or any endorsement to this Policy, whenever added, that are inconsistent with or contrary to the provisions of this Amendatory Endorsement, unless such policy or endorsement provisions comply with the applicable insurance laws of the state of New Jersey.

CHUBB 004367

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

CHUBB 004368

ENDORSEMENT NO. 3
COMMINGLING OF FUNDS EXCLUSION

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

Policy No.    8168-4190
Issued to     Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP
Issued by     Executive Risk Indemnity Inc.

In consideration of the premium charged, this Policy shall not apply to any Claim based on or directly or indirectly arising out of or resulting from any commingling of, or inability or failure to safeguard, any funds.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

CHUBB 004369

ENDORSEMENT NO. 4
BANKRUPTCY EXCLUSION

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

Policy No.      8168-4190
Issued to       Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP
Issued by       Executive Risk Indemnity Inc.

In consideration of the premium charged, it is hereby understood and agreed that this Policy shall not apply to any Claim based on or directly or indirectly arising out of or resulting from the bankruptcy of, or suspension of payment by, any broker or dealer in securities or commodities, or any bank or banking firm, or any insurance company.

All other terms, conditions and limitations of this Policy shall remain unchanged.


_____
Authorized Representative

CHUBB 004370

ENDORSEMENT NO. 5
AMEND ITEM 1

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

Policy No.        8168-4190
Issued to         Control Associates/Constantin Group LP D/B/A Constantin Control Associate
                  LP
Issued by         Executive Risk Indemnity Inc.

In consideration of the premium charged:

(1)      Item 1 of the Declarations is amended to include the following:

         Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP.
         MVP Consulting/Constantin Group LLC. D/B/A Constantin MVP Consulting LLC.
         Walsh-Lowe/Constantin Group LLC. D/B/A Constantin Walsh-Lowe, LLC.
         Constantin Associates LLP
         Leon Constantin Consulting Inc.
         Servor Inc.
         Constantin MVP Consulting LLC.


(2)      Section IV (N) is amended to read as follows:

         The person or entity first stated in Item 1 of the Declarations shall be the sole agent for, and shall
         act on behalf of, all Insureds with respect to all matters under this Policy, including but not limited
         to giving and receiving notices and other communications, effecting or accepting any
         endorsements to or cancellation of this Policy, the payment of premium and the receipt of any
         return premiums, and the purchase of any Extended Reporting Period.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

CHUBB 004371

ENDORSEMENT NO. 6
SEPARATE RETROACTIVE DATE FOR THE ADDITIONALLY NAMED INSURED ENDORSEMENT

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

| | |
|---|---|
| Policy No. | 8168-4190 |
| Issued to | Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP |
| Issued by | Executive Risk Indemnity Inc. |

(1)     With respect only to Claims against Constantin Control Associates, LP and Control Specialists, Inc.

or any natural person who was, is or shall become a director, officer, employee or partner thereof, the Retroactive Date set forth on the Declarations Page of this Policy will be deemed to be August 2, 2001, at 12:01 a.m. Standard Time at the address in Item 1 of the Declarations.

(2)     With respect to all other Claims, the Retroactive Date set forth on the Declarations Page of this Policy will remain unchanged.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

CHUBB 004372

ENDORSEMENT NO. 7
SEPARATE RETROACTIVE DATE FOR THE ADDITIONALLY NAMED INSURED ENDORSEMENT

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

| | |
|---|---|
| Policy No. | 8168-4190 |
| Issued to | Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP |
| Issued by | Executive Risk Indemnity Inc. |

(1) With respect only to Claims against Constantin Walsh-Lowe, LLC and Constantin Walsh-Lowe, Ltd.

or any natural person who was, is or shall become a director, officer, employee or partner thereof, the Retroactive Date set forth on the Declarations Page of this Policy will be deemed to be July 1, 1992, at 12:01 a.m. Standard Time at the address in Item 1 of the Declarations.

(2) With respect to all other Claims, the Retroactive Date set forth on the Declarations Page of this Policy will remain unchanged.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

CHUBB 004373

ENDORSEMENT NO. 8
SEPARATE RETROACTIVE DATE FOR THE ADDITIONALLY NAMED INSURED ENDORSEMENT

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

Policy No.    8168-4190
Issued to     Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP
Issued by     Executive Risk Indemnity Inc.

(1)    With respect only to Claims against MVP Consulting, LLC & MVP Specialists, Inc. or any natural person who was, is or shall become a director, officer, employee or partner thereof, the Retroactive Date set forth on the Declarations Page of this Policy will be deemed to be September 20, 1991, at 12:01 a.m. Standard Time at the address in Item 1 of the Declarations.

(2)    With respect to all other Claims, the Retroactive Date set forth on the Declarations Page of this Policy will remain unchanged.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

CHUBB 004374

ENDORSEMENT NO. 9
AMEND CONDITIONS ENDORSEMENT

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

| | |
|---|---|
| Policy No. | 8168-4190 |
| Issued to | Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP |
| Issued by | Executive Risk Indemnity Inc. |

In consideration of the premium charged, Section IV Conditions (C) (2) is amended to read in its entirety as follows:

"(2)    the Insured gives the Company written notice of such Claim no later than sixty (60) calendar days after the Policy Period."

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

CHUBB 004375

ENDORSEMENT NO. 10
GUARANTY OF VALUE EXCLUSION

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

Policy No.    8168-4190
Issued to     Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP
Issued by     Executive Risk Indemnity Inc.

In consideration of the premium charged, no coverage will be available under this Policy for Claims based on or directly or indirectly arising out of or resulting from:

(1)    any failure of any real or personal property, or any interest in any real or personal property, to have a future value in accordance with any actual or alleged guaranty, promise, warranty, either express or implied, or verbal or written;

(2)    any failure of any real or personal property, or any interest in any real or personal property, to be purchased, leased, assigned or sold for a value in accordance with any actual or alleged guaranty, promise or warranty, either express or implied, or verbal or written;

(3)    any actual or alleged guaranty, promise or warranty, either express or implied, or verbal or written, in connection with advice regarding the selection of any investment manager, investment advisor or custodial firm;

(4)    any failure of any investments to perform as expected or promised; or

(5)    any actual or alleged guaranty, promise or warranty, either express or implied, or verbal or written, relating to probable costs or cost savings, including but not limited to any promise, warranty or guaranty relating to probable costs or cost savings being exceeded or unrealized.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

D29573 (8/1999)                    Page 1

CHUBB 004376

ENDORSEMENT NO. 11
EXTEND COVERAGE TERRITORY ENDORSEMENT

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

Policy No.     8168-4190
Issued to      Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP
Issued by      Executive Risk Indemnity Inc.

In consideration of the premium charged:

(1)     Subject to the terms, conditions and limitations set forth below, this Policy applies to Wrongful Acts committed, and to Claims made against the Insured, anywhere in the world.

(2)     Section IV Conditions (A) of the Policy is deleted in its entirety.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

D30729 (9/2000) Rev.              Page 1

CHUBB 004377

ENDORSEMENT NO. 12
COMPUTER VIRUS SUBLIMIT ENDORSEMENT

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

Policy No.      8168-4190
Issued to       Control Associates/Constantin Group LP D/B/A Constantin Control Associates
                LP
Issued by       Executive Risk Indemnity Inc.

In consideration of the premium charged solely with respect to Claims based on or directly or indirectly arising out of or resulting from any damage caused by any computer virus, the Company's maximum aggregate limit of liability for all Damages and Defense Expenses resulting from all such Claims shall be $$1,000,000.00, which amount shall be part of and not in addition to the maximum aggregate Limit of Liability set forth in Item 3(b) of the Declarations, which is applicable to all Damages and Defense Expenses from all Claims for which this Policy provides coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

CHUBB 004378

ENDORSEMENT NO. 13
COMPUTER SERVICES EXCLUSION ENDORSEMENT

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

| | |
|---|---|
| Policy No. | 8168-4190 |
| Issued to | Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP |
| Issued by | Executive Risk Indemnity Inc. |

In consideration of the premium charged:

(1)   No coverage will be available under this Policy for Claims based on or directly or indirectly arising out of or resulting from any:

    (a)   defect in any hardware or software manufactured, created or installed by a person or entity other than the Insured;

    (b)   electrical or mechanical breakdown, electrical disturbance, wear and tear or gradual deterioration;

    (c)   liability assumed by the Insured under any express warranty or guaranty;

    (d)   failure to deliver, install or perform, or any delay in delivery, installation or performance of, services or products; provided that this exclusion shall not apply to Claims based on or arising out of any negligent act, error or omission by the Insured which results in the failure of the services or products to perform their function or serve the purpose intended after delivery, installation or performance;

    (e)   cost guarantee or cost estimate being exceeded;

    (f)   furnishing of Professional Services or products for planning, construction, maintenance, operation or use of any nuclear facility, or air traffic control, direct life support or weapons systems; or

(2)   It is understood and agreed that the term "Damages," as defined in Section II Definitions of the Policy, shall not include costs or expenses associated with correcting, re-performing, recall, repair or withdrawal of any hardware or software supplied by, or Professional Services rendered by, an Insured or any other person or entity.   Notwithstanding the foregoing, in the event that the Company, in its sole opinion, determines that costs and expenses associated with correcting, re-performing, recall, repair or withdrawal of any hardware or software supplied or Professional Services rendered would reduce Damages and/or Defense Expenses to be incurred in connection with a Claim or potential Claim by an amount greater than such costs and expenses, the Company, in its sole discretion, may pay such costs and expenses, and the term "Damages" shall be deemed amended to include such amounts paid.

CHUBB 004379

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

CHUBB 004380

ENDORSEMENT NO. 14
UNAUTHORIZED ACCESS SUBLIMIT ENDORSEMENT

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

Policy No.      8168-4190
Issued to       Control Associates/Constantin Group LP D/B/A Constantin Control Associates
                LP
Issued by       Executive Risk Indemnity Inc.

In consideration of the premium charged, the Underwriter's maximum aggregate limit of liability for all Claims based on or directly or indirectly arising out of or resulting from any unauthorized access to or use of any computer program, computer or computer system will be $1,000,000.00, which shall be part of, and not in addition to, the Limit of Liability set forth in Item 3(b) of the Declarations.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

CHUBB 004381

ENDORSEMENT NO. 15
SPOUSAL EXTENSION ENDORSEMENT

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

Policy No.     8168-4190
Issued to      Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP
Issued by      Executive Risk Indemnity Inc.

In consideration of the premium charged:

(1)     The coverage afforded under this Policy shall, subject to all of its terms, conditions, limitations and exclusions, be extended to apply to Damages and Defense Expenses as a result of any Claim first made against a person who, at the time the Claim is made, is a lawful spouse of an Insured who is a natural person, but only if:

(a)     the Claim against such spouse results from a Wrongful Act actually or allegedly committed by the Insured to whom the spouse is married; and

(b)     such Insured and his or her spouse are represented by the same counsel in connection with such Claim.

(2)     No spouse of an Insured shall, by reason of this endorsement, have any greater right to coverage under this Policy than the Insured to whom such spouse is married.

(3)     The Underwriter shall not be liable under this endorsement to make any payment of Damages and/or Defense Expenses in connection with any Claim against the spouse of an Insured for any actual or alleged Wrongful Act by such spouse.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

CHUBB 004382

ENDORSEMENT NO. 16
COMPLIANCE WITH APPLICABLE TRADE SANCTION LAWS

This Endorsement, effective at 12:01 a.m. on December 12, 2016, forms part of

Policy No.      8168-4190
Issued to       Control Associates/Constantin Group LP D/B/A Constantin Control Associates LP
Issued by       Executive Risk Indemnity Inc.


It is agreed that this insurance does not apply to the extent that trade or economic sanctions or other similar laws or regulations prohibit the coverage provided by this insurance.


All other terms, conditions and limitations of this Policy shall remain unchanged.


_____
Authorized Representative

CHUBB 004383