United States District Court
for the
Southern District of Florida

| | |
|---|---|
| ECB USA, Inc. and others, Plaintiffs, <br><br> v. <br><br> Chubb Insurance Company of New Jersey and Executive Risk Indemnity, Inc., Defendants. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 20-20569-Civ-Scola |

### Order

This matter is before the Court upon two motions filed by the parties following this Court's Omnibus Order (ECF No. 226). First, the Plaintiffs move for reconsideration (ECF No. 228) of the Omnibus Order, in which the Court granted summary judgment in favor of the Defendants on the issue of whether there was a duty to defend and indemnify. The Defendants filed an opposition to the motion to reconsider (ECF No. 235), and the Plaintiffs filed a reply in support (ECF No. 238). Second, the Defendants move to amend the Omnibus Order to clarify the relief granted. (ECF No. 227.) The Plaintiffs filed an opposition to the motion (ECF No. 230), and the Defendants filed a reply brief (ECF No. 234). After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendants' motion to amend (**ECF No. 227**) and **denies** the Plaintiffs' motion for reconsideration (**ECF No. 228**).

1. **Procedural History**

As the parties are familiar with the factual background, the Court will not recite the underlying facts of this case. But at a general level, the parties disputed the scope of coverage provided under the "management consulting services" clause in the 2017-18 Policy, which covered "services directed toward expertise in banking finance, accounting, risk and systems analysis, design and implementation, asset recovery and strategy planning for financial institutions." (ECF No. 226 at 4.)

Relevant to the instant motions, the Plaintiffs filed a motion for partial summary judgment in September 2021, seeking summary judgment on two issues—(1) whether accounting services were a covered service under the 2017-18 Policy and (2) whether Constantin was an Insured under the 2017-18 Policy. (ECF No. 154.) Simultaneously, the Defendants filed a motion for summary judgment on all counts. (ECF No. 161.) These motions were fully

briefed, and on December 17, 2021, the Court entered the Omnibus Order. (ECF No. 226.)

The Court found that accounting services were covered under the 2017-18 Policy, and the Court reformed the 2017-18 Policy, finding that it was a renewal and that Constantin was an Insured under the Policy. (*See id.* at 7–8, 10–11.) However, the Court granted summary judgment in the Defendants' favor on the issue of whether the Defendants had a duty to defend and indemnify under the 2017-18 Policy. In particular, the Court applied a rule of construction called the series-qualifier canon and found that the 2017-18 Policy only covered services, accounting or otherwise, provided to "financial institutions."[1] (*See id.* at 8–9.) Because Constantin had not provided accounting services to a financial institution, the Defendants had no duty to defend or indemnify under the Policy. (*See id.*)

On January 4, 2022, the Defendants filed the instant motion to amend. (ECF No. 227.) The Defendants seek to amend the Omnibus Order to make clear that the Court did not award a monetary judgment to the Plaintiffs as it found that there was no duty to defend or indemnify. A week later, the Plaintiffs filed the instant motion for reconsideration, in which the Plaintiffs argue that the Court erred in finding that the 2017-18 Policy only covered services provided to financial institutions. (ECF No. 228.)

## 2. Legal Standard

Rule 59(e) permits a motion to alter or amend a judgment, but only in limited circumstances—where there is "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Considering such a circumscribed purpose, "a Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (internal quotations omitted).

> "It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further

---

[1] In particular, applying the series-qualifier canon, the Court held that the postpositive modifier ("for financial institutions") modified the entire series preceding it, meaning that the 2017-18 Policy provided coverage for "services directed toward expertise in banking finance, accounting, risk and systems analysis, design and implementation, asset recovery and strategy planning," but only if such services were provided to a "financial institution." (ECF No. 226 at 9.)

basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare."

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). For these reasons, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004) (cleaned up).

### 3. Analysis

The Plaintiff argues that reconsideration of the Omnibus Order is warranted for three reasons: (1) the last-antecedent rule, not the series-qualifier canon, should have been applied, (2) the Policy's language concerning "for financial institutions" is ambiguous and must be interpreted in favor of coverage, and (3) the Defendants' interpretation of the Policy is "awkward and redundant." (ECF No. 228.) However, as the Plaintiffs could have raised these arguments in the summary judgment briefing, but chose not to, the Plaintiffs have waived these arguments. Nonetheless, turning to the merits of the Plaintiffs' three arguments, the Court holds that not one warrants reconsideration.

### A. Waiver

The Plaintiffs argue that the Court committed legal error by failing to apply a rule of construction that no party brought before it. The issue of the proper interpretation of, and the application of the series-qualifier canon to, the "Management consulting services" clause was plainly before the parties earlier. It was subject to abundant briefing and argument. (ECF Nos. 161, 186, 187, 193, 195.) In that briefing, the Plaintiffs argued that the series-qualifier canon did not apply to the definition of "Management consulting services" because the qualifier was not set off by a comma. (ECF No. 186 at 6.) The Court did not accept the Plaintiffs' argument and ruled in favor of the Defendants. (ECF No. 226.)

The Plaintiffs now argue that the Court erred. Not because of any misinterpretation of facts or authorities previously provided, but primarily because the Court failed to consider theories and authorities that the Plaintiffs could have raised—but did not raise—earlier. "The reconsideration device is not designed to permit losing parties to prop up arguments previously made or to inject new ones, nor to relieve a party of the consequences of its original, limited presentation." *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289

F.R.D. 674, 694 (S.D. Fla. 2013) (Scola, J.) (quoting *Miss. Valley Title Ins. Co. v. Marion Bank and Trust Co.*, No. 11-0538-WS-C, 2012 WL 5328644, at *1 (S.D. Ala. Oct. 26, 2012)). Failure to raise an argument in earlier briefing results in a waiver of the argument. *See Paz v. Seterus, Inc.*, No. 14-62513-Civ, 2016 WL 3948058, at *2 (S.D. Fla. May 12, 2016) (Scola, J) (noting that a party "waived this argument by raising it for the first time in its motion for reconsideration") (citing *Vila v. Padron*, No. 04-20520-CIV, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.) ("[A]ny arguments the party failed to raise in the earlier motion will be deemed waived[.]")).

The Plaintiffs try to get around this straightforward rule by arguing that they raised these general arguments before and now only introduce new case law as a basis for reconsideration. However, that is also squarely foreclosed. *See M/V Archigetis*, 808 F. Supp. at 1563 ("[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made."); *see also Geico Cas. Co. v. Beauford*, No. 8:05-cv-697-T-24EAJ, 2007 WL 601745, at *2 (M.D. Fla. Feb. 16, 2007) ("[A party] cannot now take case law and arguments that were available to her during the pendency of [the earlier-filed motion] and use a motion for reconsideration as a means for a second bite of the apple.").

In all, the arguments and authorities that the Plaintiffs try to introduce now (namely, invocation of the last-antecedent doctrine as well as restyled arguments concerning ambiguity and redundancy) have been waived, as these arguments and authorities were available to the Plaintiffs during the briefing on the parties' motions for summary judgment. Therefore, the Plaintiffs have not met the high bar to justify reconsideration of the Omnibus Order.

**B. Last-Antecedent Doctrine**

While the Court holds that the Plaintiffs waived any argument concerning the last-antecedent doctrine, even considering the doctrine, the Plaintiffs have not provided any basis for reconsideration. The Plaintiffs argue that New Jersey law[2] requires application of the last-antecedent doctrine—not the series-qualifier canon—when interpreting qualifiers at the end of series. (ECF No. 228 at 4–7.) While the series-qualifier canon holds that a qualifier modifies every item in a series, the last-antecedent doctrine holds that (as the name suggests) a qualifier modifies only the last item in a series. *See State v. Gelman*, 195 N.J. 475, 484 (2008). However, as the New Jersey authorities to

---

[2] As the Court previously held, and as no party contests, the 2017-18 Policy must be interpreted pursuant to New Jersey law. (*See* ECF No. 226 at 6.)

which the Plaintiffs point expressly provide, the last-antecedent doctrine only applies "unless a contrary intention otherwise appears."³ *See id.*

Here, the Plaintiffs' insurance policy application establishes such a contrary intention. *See Cassidy v. Ohio Cas. Grp.*, No. 10-2028, 2011 WL 3882477, at *3 (D.N.J. Sept. 2, 2011) (holding that a court "may consider the extrinsic evidence of the application in determining the parties' intent and the insured's reasonable expectations") (citing *Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am.*, 948 A.2d 1285, 1289 (N.J. 2008)). On the application, Control Group stated that coverage was desired for "management consulting for the financial community." (ECF No. 235 (citing ECF No. 155-17 at 2).) It would be absurd to believe that the Defendants extended coverage to Control Group for "services directed toward expertise in banking finance, accounting, risk and systems analysis, [and] design and implementation" for entities in any field while limiting coverage for "services directed toward expertise in . . . asset recovery and strategy planning" solely to those services provided to financial institutions. Therefore, the parties' intent regarding the scope of coverage, as expressed in the policy application, make clear that the last-antecedent doctrine has no application here.

In all, the last-antecedent doctrine is not the hard-and-fast rule that the Plaintiffs make it out to be. The doctrine is merely a canon of construction, and it may be defeated by the parties' intent, as here. Therefore, even if the Court accepted the Plaintiffs' arguments concerning the last-antecedent doctrine, the Plaintiffs still have not established clear error warranting reconsideration.

### C. Ambiguity

Next, the Plaintiffs argue that a qualifier at the end of a series is inherently ambiguous, and therefore, the Court should have interpreted the 2017-18 Policy in the Insureds' favor. (ECF No. 228 at 7–8 (citing *Princeton Inv. Partners Ltd. v. RLI Ins. Co.*, CV71120KMMAH, 2018 WL 846917, at *5 (D.N.J. Feb. 9, 2018) ("[I]f the controlling language of the policy will support two meanings, one favorable to the insurer and one favorable to the insured, the interpretation supporting coverage will be applied.")).) In support of this

---

³ The Defendants argue that New Jersey courts do not require application of the last-antecedent doctrine and that some New Jersey courts apply the series-qualifier canon. (*See* ECF No. 235 (citing *A-Z Venue Mgmt., LLC v. Zoning Brd. of Adjustment of Twp. of W. Amwell*, No. A-1388-17T1, 2019 WL 3072089, at *5 (N.J. App. Div. July 15, 2019) (applying the series-qualifier canon to a prepositive modifier)); *cf. Austin v. Metro Dev. Grp., LLC*, No. 8:20-cv-1472, 2021 WL 1164804, at *1 (M.D. Fla. Mar. 25, 2021) (noting that the series-qualifier canon applies to both prepositive and postpositive modifiers). However, the Court will not reach this argument, as the Court finds that reconsideration is not warranted even applying the last-antecedent doctrine.

position, the Plaintiffs point to *United States v. Bass*, arguing that because the Court in *Bass* found a criminal statute ambiguous after examining the series-qualifier canon, every qualifier at the end of a series renders a clause ambiguous. *See United States v. Bass*, 404 U.S. 336, 339–40 & n.6 (1971).

However, *Bass* does not hold that such series qualifiers without a comma are inherently ambiguous. Rather, the Court in *Bass* did "not attach significance to an omitted comma" and held that the statute at issue was ambiguous because of competing interpretations arising from the statute's construction and legislative history. *See id.* at 339–47 & n.6. As the Court held in its previous order, a plain reading of the 2017-18 Policy shows that "for financial institutions" applies to every service preceding it. The lack of a comma in the clause does not render the clause ambiguous, and *Bass* does not require a different result, as, unlike in *Bass*, the Plaintiffs have not pointed to extrinsic evidence that establishes any ambiguity. Rather, as discussed above, the parties intended the Policy to extend to management consulting services provided to financial institutions.

### D. Awkward and Redundant

Last, applying the series-qualifier canon does not render the 2017-18 Policy "awkward and redundant." The Plaintiffs argue that applying the construction above would make the clause "awkward and redundant" with regard to banking finance services, as the clause would read that coverage is provided for "services directed toward expertise in banking finance . . . for financial institutions." (ECF No. 228 at 10.) However, many business entities—not only financial institutions—may desire banking finance services. Adding the qualifier "for financial institutions" does not make this clause unreasonable. Therefore, there is no redundancy or awkwardness in this construction, and it is no basis for reconsideration.

### 4. Motion to Amend

The Defendants move to amend the Omnibus Order under Rules 59(e) and 60 to clarify that the Court did not award the Plaintiffs monetary damages with respect to Count Three of the Fourth Amended Complaint.[4] (ECF No. 227.) In Count Three, the Plaintiffs sought to reform the 2017-18 Policy, arguing that the Policy was a renewal and that Constantin was an Insured under the Policy. (*See* ECF No. 79 at 20.) In the Omnibus Order, the Court granted the Plaintiffs'

---

[4] Courts have held that Rule 59(e) is the "proper procedural mechanism to obtain a more complete and explicit recitation in the final judgment of the monetary amount of a judgment." *See Mitra v. Glob. Fin. Corp.*, No. 08-80914-CIV, 2009 WL 2423104, at *1 (S.D. Fla. Aug. 6, 2009) (Marra, J.).

partial motion for summary judgment only so far as the Plaintiffs sought summary judgment on the question of whether the 2017-18 Policy was a renewal policy and that Constantin was an Insured. (ECF No. 226 at 10–11.) In all other respects, the Court granted summary judgment in the Defendants' favor, as the Court found that there was no duty to defend or indemnify Constantin. (*See id.* at 9.)

As the Defendants argue, there is an ambiguity as to the scope of the Court's ruling. In particular, the Court did not address the Plaintiffs' request for monetary damages in their reformation cause of action. While the Court reformed the contract and granted the Plaintiffs summary judgment on that issue, this does not provide any monetary relief to the Plaintiffs because there was no coverage, for the reasons discussed in the Omnibus Order.

For this reason, the Court **grants** the Defendants' motion and amends the Omnibus Order, which will be concurrently entered as a separate docket entry. Moreover, as requested by the Defendants under Federal Rule of Civil Procedure 58(d), the Court will set out judgment in a separate document concurrently entered as a separate docket entry.

### 5. Conclusion

For the reasons discussed above, the Court **grants** the Defendants' motion to amend (**ECF No. 227**) and **denies** the Plaintiffs' motion for reconsideration (**ECF No. 228**).

**Done and ordered**, in Miami, Florida, on February 25, 2022.

_____
Robert N. Scola, Jr.
United States District Judge